### BREAKWATER CO. v. UNITED STATES.

(Circuit Court of Appeals. Third Circuit. November 28, 1910.)

#### No. 20.

MASTER AND SERVANT (§ 13*)—EIGHT-HOUR LAW—CONSTRUCTION—"LABORERS" OR "MECHANICS."

Defendant was a contractor engaged in constructing for the United States jetties near Cape May harbor, extending from the shore into the open sea. The jetties were built up with stone, thrown overboard from barges, which were towed across Delaware Bay, anchored, and as needed towed to the jetties and warped along while being discharged. As crews of such barges defendant employed engineers, boatmen, and hookmen, selected for their seafaring experience, who operated the barges and also discharged their cargoes. The work done and the time required to do it depended on tide, wind, and weather, which ordinarily required variable hours of service on the part of the men. *Held,* that such men were seamen, with the rights of such, including the right to a lien on the vessel for their wages, and could not be classed as laborers or mechanics, within the meaning of Act Aug. 1, 1892, c. 352, § 1, 27 Stat. 340 (U. S. Comp. St. 1901, p. 2521), which makes it unlawful for any contractor for government work to require or permit any laborer or mechanic employed by him thereon to work more than eight hours in any calendar day, except in case of extraordinary emergency.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, vol. 5, pp. 3952–3968; vol. 8, p. 7700; vol. 5, pp. 4457–4461.]

In Error to the District Court of the United States for the District of New Jersey.

The Breakwater Company was convicted of a criminal offense, and brings error. Reversed.

See, also, 174 Fed. 78.

F. C. Adler and John F. Lewis, for plaintiff in error.

John B. Vreeland, U. S. Atty., and Walter H. Bacon, Asst. U. S. Atty.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

BUFFINGTON, Circuit Judge. In the court below the plaintiff in error, the Breakwater Company, was found guilty and sentenced for violations of the first section of Act Cong. Aug. 1, 1892, c. 352, 27 Stat. 340 (U. S. Comp. St. 1901, p. 2521), which provides:

"That the service and employment of all laborers and mechanics who are now or may hereafter be employed by the government of the United States, by the District of Columbia, or by any contractor or subcontractor upon any of the public works of the United States, or of the said District of Columbia, is hereby limited and restricted to eight hours in any one calendar day, and it shall be unlawful for any officer of the United States government, or of the District of Columbia, or any such contractor or subcontractor whose duty it shall be to employ, direct or control the services of such laborers or mechanics to require or permit any such laborer or mechanic to work more than eight hours in any calendar day except in case of extraordinary emergency."

To review such judgment the present writ of error was sued out.

The Breakwater Company contracted with the United States government for the erection of two jetties near Cape May harbor in the state of New Jersey. The jetties were parallel, and extended from shore to a depth of 26 feet at low water, with tops 10 feet above mean low water. All work done on them was off shore, and the men, whose work more than eight hours was the offense for which the Breakwater Company was convicted, were employed on a barge which, with its cargo of stone, was towed across Delaware Bay to the jetty. The stones were used in the construction of the jetties, and were thrown from the barge into the water to build them up. The men named in the indictment were either engineers, boatmen, or hookers on such barges. The latter, after being towed across the bay, were anchored, and, as needed, were towed by some of these men, using a gasoline launch, to the jetty. Here all aboard helped in discharging cargo. As occasion required the men also warped the barges along the jetty, by warping lines run by the barge engine. The barge had no other crew than these men, who worked in various capacities in discharging cargo, except a watchman, who also attended the fires. The men were selected for their seafaring experience, were hired by the month, and lived ashore. Some of the barges had four engineers, whose sole duty was to run the engines while discharging cargo and warping the vessel. The boatmen handled yawl and gasoline boats and assisted in discharging cargo. The hookmen handled the lines in discharging the cargo and aided in warping. The work done and the time required to do it depended on tide, wind, and weather on an open, exposed seacoast.

183 F.—8

It is clear, therefore, that no exact hours could be fixed when the work of these men should and could cease. Under ordinary circumstances the elements of tide, wind, and weather necessitated variable hours of service on the part of those employed on the barge. In view of this, was it the intent of Congress, by the act in question, to describe these men by the terms "laborers and mechanics," and thus make it illegal to employ them more than eight hours, even though in the ordinary performance of their duty an exact eight-hour day was impossible in handling a barge and cargo on an open coast? Is it not much more reasonable to say that these men, who were doing a maritime service, and who by virtue thereof had at law rights, privileges, and obligations peculiar to themselves, were more aptly described as seamen? The barge was a maritime vessel. She was engaged in a maritime duty. The men were entitled to a maritime lien on her for their wages, for their work was of a maritime character. Lawrence v. Flatboat (D. C.) 84 Fed. 200; Disbrow v. Walsh (D. C.) 36 Fed. 607. Their labor contributed to the work in which the barge was engaged, and they were clothed with the rights of seamen. Saylor v. Taylor, 77 Fed. 476, 23 C. C. A. 343. We are therefore of opinion that these men were in the eyes of the law seamen, and, being such, the Supreme Court, in Ellis v. United States, 206 U. S. 258, 27 Sup. Ct. 600, 51 L. Ed. 1047, held seamen were not laborers or mechanics, within the meaning of the act here in question.

The judgment of the court must therefore be reversed.